IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HARTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-06089-SRB |
| | ) | |
| NEW PRIME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff Christopher Hartley's ("Plaintiff") Motion for Remand. (Doc. #8.) For the reasons set forth below, the motion is DENIED.

I. **FACTUAL BACKGROUND**

On June 17, 2024, Plaintiff filed this lawsuit against Defendant New Prime, Inc. ("Defendant") in the Circuit Court of Buchanan County, Missouri. The following allegations are taken from Plaintiff's Petition, without further quotation or attribution unless otherwise noted. Only those allegations necessary to resolve the pending motion are discussed below. Additional allegations relevant to the parties' arguments are addressed in Section III.

On April 27, 2024, Plaintiff applied online for employment with Defendant. Defendant interviewed Plaintiff, offered him a job, and gave him a start date. At some point, Defendant ordered Plaintiff's Consumer Report from Asurint, a credit reporting agency.[1] After receiving Plaintiff's Consumer Report, Defendant informed Plaintiff it could not hire him "due to the 2020 conviction." (Doc. #1-1, p. 5.)[2]

---

[1] The Petition alleges that Defendant sent Plaintiff an email regarding the results of his credit report on April 15, 2024, subsequent to the date Plaintiff alleges he applied for a job. However, this is not material to the remand analysis.

[2] All page numbers refer to the pagination automatically generated by CM/ECF.

1

Plaintiff alleges that Defendant's actions violated the Fair Credit Reporting Act ("FCRA").  *See* 15 U.S.C. § 1681p.  In part, Plaintiff alleges that Defendant violated the FCRA by failing to provide him a copy of his Consumer Report before taking adverse action against him, by failing to give Plaintiff reasonable time to dispute the report, and by exceeding the scope of authorization provided by Plaintiff.  Plaintiff asserts the following claims:  Count I—Adverse Action; Count II—Authorization Violations; and Count III—Certification Violations.  Plaintiff seeks monetary damages for himself and on behalf of a putative class.

On July 22, 2024, Defendant removed the case to this Court on the basis of federal question jurisdiction.  In particular, Defendant contend that "[t]his Court has original subject matter jurisdiction over the subject action pursuant to 28 U.S.C.§ 1331 because Plaintiff's claims all arise under federal law, specifically, the Fair Credit Reporting Act codified at 15 U.S.C. § 1681 et seq."  (Doc. #1, p. 1.)  Plaintiff now moves to remand this case back to state court.  According to Plaintiff, this case should be remanded "[a]bsent the Defendant's ability to establish Article III jurisdiction."  (Doc. #9, p. 1; Doc. #16, pp. 2-3.)  Defendant opposes the motion, and the parties' arguments are addressed below.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As relevant here, federal district courts have original federal question jurisdiction over a case that arises under federal law.  28 U.S.C. § 1331.  If a federal question is raised, a defendant may remove a case filed in state court to federal court.  28 U.S.C. § 1441.

However, "[f]ederal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter

jurisdiction." *Auer v. Trans Union LLC*, 902 F.3d 873, 877 (8th Cir. 2018). To avoid dismissal based on standing, a plaintiff must show (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood "that the injury will be redressed by a favorable decision." *Republican Party of Minn. v. Klobuchar*, 381 F.3d 785, 791-92 (8th Cir. 2004) (citations and quotations omitted). A plaintiff need only present "general allegations of injury, causation, and redressability." *In re SuperValu, Inc.*, 870 F.3d 763, 773 (8th Cir. 2017). This inquiry is separate from whether a plaintiff has adequately stated a claim for relief. *Id.*

A plaintiff may challenge the propriety of removal through a motion to remand. "A motion to remand functionally challenges the removal of the action to federal court, and if it appears that the case was not properly removed, the district court must remand the case to the state court from which it was removed." *Williams v. Wells Fargo Bank, Nat. Ass'n*, 9 F.Supp.3d 1080, 1084 (W.D. Mo. 2014). The party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

### III. DISCUSSION

Plaintiff moves to remand this case. The factual and legal basis for this request is not entirely clear. With little explanation, Plaintiff states that although the Petition "contains allegations that are sufficient to establish standing before the Circuit Court of Buchanan County, Defendant must establish that this Court has Article III jurisdiction over the Plaintiff's claims to

3

remain in federal court. Absent the Defendant's ability to establish Article III jurisdiction, this matter must be remanded." (Doc. #9, p. 1.)[3]

Upon review, the Court rejects Plaintiff's arguments. In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), the Court held that a defendant need not attach evidence to a notice of removal to establish jurisdiction—a "plausible allegation" is enough. *Id.* at 89. The Court thus agrees with Defendant that its:

> notice of removal plainly alleges that the Court has federal question jurisdiction, as Plaintiff concedes. Nothing more is required to establish jurisdiction at this stage. Otherwise, defendants would be required to plead and prove facts outside their knowledge and uniquely within the knowledge of plaintiffs concerning the nature and extent of their alleged injuries.

(Doc. #13, pp. 2-3.)

Under these circumstances, the Court finds Defendant has established Article III standing for purposes of removal. Indeed, this Court has previously denied a motion to remand based on arguments similar to those presented by Plaintiff in this case. *Wilson v. First Advantage Background Services Corp.*, Case No. No. 21-cv-06071-SRB, 2023 WL 9894476, at *2 (W.D. Mo. Oct. 13, 2023) (denying motion to remand FCRA case based on premature standing argument).

### IV.  CONCLUSION

Accordingly, Plaintiff's Motion for Remand (Doc. #8) is DENIED.

**IT IS SO ORDERED.**

                                                    /s/ Stephen R. Bough
                                                   STEPHEN R. BOUGH
Dated: August 28, 2024                 UNITED STATES DISTRICT JUDGE

---

[3] In support of remand, Plaintiff's reply brief cites *Dancy vs. Accurate Communications*, Case No. 24-cv-06003-SRB (W.D. Mo. Mar. 7, 2024). But that case is distinguishable because "[a]fter removing the case, Defendant . . . reversed its position and [then] contend[ed] that jurisdiction is lacking." *Id.* at pp. 2-3.